UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JACOB SILVERMAN,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO et. al.,<br><br>    Defendants. | Case No: C 11-1615 SBA<br><br>**ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE**<br><br>Docket 59 |

The parties are presently before the Court on Plaintiff Jacob Silverman's ("Plaintiff") motion to extend time to effect service under Rule 4(m) of the Federal Rules of Civil Procedure. Dkt 59. The City and County of San Francisco (the "City") oppose the motion. Dkt. 60. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND

On April 1, 2011, Plaintiff, proceeding pro se, filed the instant action against the City and various police officers and employees of the San Francisco Sheriff and Police Departments (the "individual defendants") alleging civil rights claims under 42 U.S.C. § 1983 as well as various state law claims arising out of his arrest on April 1, 2009 and subsequent incarceration. See Compl., Dkt. 1. Plaintiff served 29 of the 31 named defendants. See Dkt. 12- 44.

On July 29, 2011, Plaintiff filed a motion to substitute attorneys Geri Lynn Green and Julien T. Swanson as counsel of record. Dkt. 45. Plaintiff's motion was granted on August 5, 2011. Dkt. 46. On September 21, 2011, Plaintiff filed a first amended complaint

("FAC"), which names 22 individual defendants.  See FAC, Dkt. 52.  Sometime after the filing of the FAC, the parties discussed the possibility that the City would seek permission from the individual defendants to accept service on their behalf.  See Pl's Mtn. to Extend Time at 1-2, Dkt. 59; City's Opp. at 2, Dkt. 60.  "However, that did not occur."[1]  City's Opp. at 2.  On October 31, 2011, the City filed an answer.  Dkt. 56.

On November 22, 2011, Plaintiff's counsel notified the Court of her unavailability from December 23, 2011 until February 15, 2012 due to a trial before Judge Alsup.  Dkt. 58.  On December 2, 2011, the City purportedly informed Plaintiff's counsel that "not a single defendant had agreed to waive service of the complaint."  Id.  On January 17, 2012, Plaintiff filed the instant motion to extend time for service, seeking an extension of the January 19, 2012 deadline to effect service.  Dkt. 59.  The City filed an opposition on January 24, 2012.  Dkt. 60.

On January 27, 2012, Plaintiff filed a proof of service indicating that, between January 18, 2012 and January 27, 2012, the FAC was served on all but three of the named Defendants.  Dkt. 61.  The proof of service does not include individual defendants Graciani Valderrama, Roy Tamamkuk, or Christopher Krol.  See Dkt. 61; FAC.

## II.  DISCUSSION

### A.  Legal Standard

Rule 4 of the Federal Rules of Civil Procedure requires that a defendant be served with the summons and complaint within 120 days of filing the complaint.  Fed.R.Civ.P. 4(m).  This 120-day time period begins to run at the filing of an amended complaint.  See McGuckin v. United States, 918 F.2d 811, 813 (9th Cir. 1990).  If the plaintiff fails to do so, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant. . . ."  Fed.R.Civ.P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an

---

[1] It is unclear whether the City sought permission from the individual defendants to accept service on their behalf.  However, it is undisputed that the City informed Plaintiff on December 2, 2011 that it would not accept service on behalf of the individual defendants.

- 2 -

appropriate period." Id. "At a minimum, 'good cause' means excusable neglect." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991). A plaintiff may also be required to show the following factors: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Id.

District courts have broad discretion to extend time for service under Rule 4(m). Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). A district court has the discretion to grant an extension of time to serve the complaint after the 120-day period expires. Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). Additionally, the rule "*permits* [a] district court to grant an extension even in the absence of good cause." Efaw, 473 F.3d at 1041 (emphasis in original); see Henderson v. United States, 517 U.S. 654, 662 (1996) (The 1993 amendments to Rule 4(m) give courts "discretion to enlarge the 120-day period 'even if there is no good cause shown.' "). "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.' " Efaw, 473 F.3d at 1041.

### B. Motion to Extend Time for Service

Plaintiff moves for an Order extending the time for service under Rule 4(m). Pl.'s Mtn. to Extend Time at 2. Plaintiff argues that such relief is appropriate because each of the individual defendants is aware of this lawsuit insofar as the City has represented that "not one of [them] is willing to waive service. Id. In addition, Plaintiff argues that the individual defendants will not suffer any "real prejudice" by an extension of time for service because they will likely be represented and indemnified by the City. Id. Finally, Plaintiff argues that "because the statute of limitations has run," he will suffer "extreme prejudice" if the complaint is dismissed. Id.

In response, the City argues that Plaintiff's request for an extension of time to effect service should be denied because Plaintiff has failed to demonstrate "good cause" for an extension of time. Def.'s Opp. at 2-3. Alternatively, the City argues that the Court should grant Plaintiff a limited time to serve the unserved individual defendants. Id. at 3.

The Court exercises its discretion and finds that an extension of the time for service is warranted under the circumstances. The City does not dispute Plaintiff's claim that neither it nor any individual defendant will suffer prejudice if an extension of time is granted. Nor does the City challenge Plaintiff's claim that all of the individual defendants have actual notice of this lawsuit. In fact, a review of the record reveals that all of the individual defendants have actual notice of this lawsuit.[2] Finally, the City does not challenge Plaintiff's claim that he will "suffer extreme prejudice" if the complaint is dismissed "because the statute of limitations has run."[3]

With respect to the individual defendants that were served in late January 2012 after the 120-day deadline expired on January 19, 2012, the Court exercises its discretion and finds that an extension of time to effect service is appropriate given the minimal delay in service, the lack of prejudice to Defendants, and the severe prejudice that Plaintiff would suffer if an extension of time is not granted. See Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009) ("Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action."); see also Tyson v. City of Sunnyvale, 159 F.R.D. 528, 530 (N.D. Cal. 1995) (even without good cause, a one-day delay in service demonstrated substantial compliance and dismissal was improper); Bd. of Trustees of Trucking Employees v. Canny, 876 F.Supp. 14, 16 (N.D. N.Y. 1995) (court exercised discretion to allow service two days after the 120-day time limit).

---

[2] The record indicates that 20 of the 22 individual defendants named in the FAC were served with the original complaint. See Dkt. 14-22. In addition, the record indicates that the two individual defendants named in the FAC that were not served with the original complaint, Deputy Matthew Wong and Deputy Bienvenidos Bernardo, were served with the FAC on January 27, 2012, see Dkt. 61, eight days after the 120-day deadline.

[3] While Plaintiff does not provide any analysis in support of his assertion that "the statute of limitations has run," the Court notes that Plaintiff's § 1983 claims would be time-barred if the FAC was dismissed. The statute of limitations on a § 1983 claim is two years. Canatella v. Van De Kamp, 486 F.3d 1128, 1132-1133 (9th Cir. 2007). According to the FAC, the events giving rise to this action occurred over three years ago in April 2009. See FAC.

With respect to the individual defendants that have yet to be served with the FAC, the Court grants Plaintiff an additional thirty (30) days from the date this Order is entered to serve these Defendants. The record indicates that the unserved individual defendants have actual notice of this lawsuit, which militates against a finding of prejudice from the delay in service. See Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997) ("actual notice to a defendant that an action was filed militates against a finding of prejudice"). Further, the Court finds that any prejudice occasioned by the delay in service is outweighed by the severe prejudice that Plaintiff would suffer if an extension of time is not granted. Statute of limitations concerns militate against denying an extension of time to effectuate service, particularly since there has been no showing that the delay in service will impair the individual defendants' ability to defend against this action. See id. ("the running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)"; noting that "prejudice 'involves impairment of defendant's ability to defend on the merits' "); Fed.R.Civ.P. 4(m) Advisory Committee Notes (1993 Amendment) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action.").

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's motion to extend time for service is GRANTED. Plaintiff shall have thirty (30) days from the date this Order is entered to serve the remaining unserved individual defendants. The Court cautions Plaintiff that no further extensions of time will be granted.

2.  This Order terminates Docket 59.

IT IS SO ORDERED.

Dated: September 28, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge