1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JACOB SILVERMAN,

          Plaintiff,

     vs.

THE CITY AND COUNTY OF SAN
FRANCISCO et. al.,

          Defendants.

Case No:  C 11-1615 SBA

**ORDER**

Docket 81, 90, 91

     The parties are presently before the Court on Plaintiff Jacob Silverman's ("Plaintiff") administrative motion for a two-month continuance of the jury trial date and all associated dates under Civil Local Rule 7-11 and Rule 16 of the Federal Rules of Civil Procedure. Dkt. 81.[1]  The City and County of San Francisco and various law enforcement officers (collectively, "Defendants") oppose Plaintiff's administrative motion for a continuance. Dkt. 85.  Also before the Court is Plaintiff's administrative motion to stay proceedings, and the Law Office of Green & Green, LLP's ("Green & Green") ex parte application to withdraw as counsel of record for Plaintiff.  Dkt. 90, 91.  Defendants have not filed an opposition or statement of non-opposition to Plaintiff's administrative motion to stay proceedings or to Green & Green's ex parte application to withdraw as counsel of record for Plaintiff as required by Civil Local 7-3(b).  Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES

---

     [1] Alternatively, Plaintiff requests, without citation to evidence or legal analysis, "remedial remedies" such as an order precluding any testimony at trial of a defendant who refuses to attend their noticed deposition.  See Dkt. 81, 87.

Plaintiff's administrative motion for a continuance, DENIES Plaintiff's administrative motion to stay proceedings, and DENIES Green & Green's ex parte application to withdraw as counsel of record for Plaintiff, for the reasons stated below.

## I.    DISCUSSION

### A.    Administrative Motion for a Continuance

Plaintiff's administrative motion for a continuance seeks a two-month continuance of the jury trial date and all associated dates.  Dkt. 81.  Plaintiff's motion, however, is an improper administrative motion under Civil Local Rule 7-11 because the relief Plaintiff seeks is not within the category of "miscellaneous administrative matters, not otherwise governed by a federal statute, federal or local rule or standing order of the assigned judge," as required by Civil Local Rule 7-11.[2]  Plaintiff offers no authority to support his attempted use of Civil Local Rule 7-11.  Indeed, a motion for a continuance, which seeks to modify a pretrial scheduling order must be brought pursuant to Civil Local Rule 6-3 and satisfy the good cause standard under Rule 16.  A request that fails to comport with procedures set forth in a district court's local rules may be summarily denied.  See Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules).

Furthermore, Plaintiff's administrative motion does not comply with the meet and confer requirement set forth in this Court's Standing Orders.  See Standing Orders ¶ 5.  In the declaration filed in support of the instant motion, Plaintiff's counsel attests that he "inquired" whether defense counsel would jointly move to continue the trial and associated dates.  Swanson Decl. ¶ 15.  Defense counsel submitted a declaration indicating that this "inquiry" was an e-mail at approximately 5:00 p.m. on Friday October 19, 2012, advising Defendants that Plaintiff intends on filing a unilateral request for a continuance of the trial date and associated dates if defense counsel fails to respond to his request for the parties to

---

[2] Proper administrative motions include "matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal."  Civ. L.R. 7-11.

1
2
file a joint request for a continuance by Monday morning.  See Baumgartner Decl. ¶ 24,

Exh. D.  The e-mail sent by Plaintiff's counsel states:

> In light of the recent discovery you just provided, your inability to schedule
> critical depositions prior to the date discovery is set to close, your failure to
> provide videos related to the incidents on April 14 and 22, the policies
> related to the videos, and the failure to provide housing logs, I see no other
> alternative but to request that the Court continue the trial date and all other
> associated dates. I feel it necessary to notice all depositions to be completed
> prior to the October 31 deadline in order to be safe in the event we do not
> get the necessary continuance.  To that end, please consider this a meet and
> confer request for us to engage in a joint request for a continuance of the
> trial date and associated dates.
> . . . .
>
> If I do not hear from you Monday morning I will have no choice but to file a
> unilateral request for relief.

Id.

On Monday October 22, 2012, defense counsel responded by e-mail and regular

mail, stating that she does not object to continuing the trial date or the date for expert

disclosure, but is unwilling to agree to allow discovery beyond the discovery cut-off date

except for certain depositions the parties had already agreed to.  Baumgartner Decl. ¶ 25,

Exh. E.  Plaintiff filed the instant motion on October 22, 2012.  Dkt. 81.

Given the length of the continuance requested by Plaintiff and the Defendants'

representation that they do not oppose continuing the trial date or the expert disclosure date

and are amenable to allowing certain fact discovery to take place after the close of fact

discovery, it appears that the parties could have resolved many, if not all, of the issues

giving rise to the instant motion had they met and conferred in person or by telephone prior

to the filing of the motion.  As contemplated by the Court's Standing Orders, until such

time as the parties have meaningfully met and conferred to discuss the issues giving rise to

the instant motion, it is premature to conclude that there exists a dispute which requires the

Court's intervention.  The meet and confer requirement is essential to conserving the

limited time and resources of the Court and the parties by obviating the filing of

unnecessary motions.

Accordingly, for the reasons stated above, Plaintiff's administrative motion for a

continuance is DENIED without prejudice.  Plaintiff's alternative request for "remedial remedies," such as an order precluding any testimony at trial of a Defendant who refuses to attend their noticed deposition, is DENIED.  Because this request is not supported by citation to authority and legal analysis, it lacks merit.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

**B.   Administrative Motion to Stay Proceedings**

Plaintiff's administrative motion to stay proceedings seeks a stay of the instant action "to stop the clock briefly[] to allow time for [Plaintiff] to secure new counsel, who can finalize the limited remaining discovery in this matter, and move forward on his behalf." Dkt. 90.  This motion fails for several reasons.  First, the motion is an improper administrative motion because a motion to stay is not a miscellaneous administrative matter within the meaning of Civil Local Rule 7-11.  Second, the motion does not contain a certification that the parties have complied with the meet and confer requirement in this Court's Standing Orders.  Standing Orders ¶ 5.  As discussed above, compliance with this requirement is essential to the parties' representation that there is a dispute which requires the Court's resolution.  Third, as discussed below, because Green & Green has failed to demonstrate that withdrawal as counsel of record for Plaintiff is appropriate, a stay of the instant action to allow Plaintiff time to secure new counsel is not warranted.  Accordingly, Plaintiff's administrative motion to stay proceedings is DENIED without prejudice.

**C.   Ex Parte Application to Withdraw**

Green & Green has filed a less than one-page ex parte application seeking to withdraw as counsel of record for Plaintiff on the ground that "an insurmountable conflict of interest has been discovered requiring withdrawal."  Dkt. 91.  Green & Green also seeks to withdraw on the ground that Plaintiff has breached "client responsibilities."  In the alternative, Green & Green requests an ex parte hearing.  Id.

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties

in the action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a); <u>see</u> <u>Darby v.</u> <u>City of Torrance</u>, 810 F.Supp. 275, 276 (C.D. Cal. 1992) (an attorney representing a client may not withdraw except by leave of court).  In addition, the Civil Local Rules provide that when withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se.  Civ. L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); <u>see</u> <u>Nehad v. Mukasey</u>, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  California Rule of Professional Conduct 3-700(B)-(C) allows withdrawal in certain specified circumstances, including where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively."  However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until they have taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) (regarding papers), and complying with applicable laws and rules.  <u>See</u> <u>El Hage v.</u> <u>U.S. Sec. Assocs., Inc.</u>, 2007 WL 4328809, at *1 (N.D. Cal. 2007).  The decision to permit counsel to withdraw is within the sound discretion of the trial court.  <u>See</u> <u>United States v.</u> <u>Carter</u>, 560 F.3d 1107, 1113 (9th Cir. 2009).

Green & Green's application to withdraw as counsel of record for Plaintiff is both procedurally and substantively deficient.  The application is procedurally deficient because Green & Green has failed to demonstrate that an ex parte application to withdraw as counsel of record is authorized under the Civil Local Rules.  "[A] party may file an ex parte motion . . . only if a statute, Federal Rule, local rule or Standing Order authorizes the filing

of an ex parte motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an ex parte basis.  The motion must include a citation to the statute, rule or order which permits the use of an ex parte motion to obtain the relief sought."  Civ. L.R. 7-10.  Green & Green offers no authority to support its attempt to withdraw by filing an ex parte application.

Green & Green's application is substantively deficient because it does not comply with Civil Local Rule 11-5 or the California Rules of Professional Conduct.  In its application, Green & Green asserts that the firm has not advised Plaintiff in writing of its intent to withdraw as counsel of record because they cannot locate him.  Green & Green, however, has failed to explain the actions it has taken, if any, prior to filing the instant motion to locate Plaintiff and/or to notify him of the firm's intent to withdraw.  As such, Green & Green has not taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Plaintiff, including giving him due notice of the firm's intent to withdraw and allowing time for employment of other counsel.  Nor has Green & Green articulated with sufficient specificity its reasons for seeking to withdraw as counsel of record for Plaintiff or cited authority justifying withdrawal.  Instead, Green & Green simply states, without citation to authority or elaboration, that "[a]n insurmountable conflict of interest has been discovered requiring withdrawal."  Although not requested in the body of the application, the caption indicates that Green & Green also seeks to withdraw on the ground that Plaintiff has breached "client responsibilities."  Absent a stipulation or specific explanation of the "insurmountable conflict" and the "client responsibilities" that Plaintiff has breached, it is impossible for the Court to determine whether withdrawal is appropriate.  Accordingly, Green & Green's motion to withdraw as counsel of record for Plaintif is DENIED without prejudice.  Green & Green's alternative request for an ex parte hearing is DENIED.

## II.   **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.      Plaintiff's administrative motion for a continuance is DENIED without prejudice to filing of a motion that complies with the Civil Local Rules and this Court's

Standing Orders.

2.     Plaintiff's administrative motion to stay proceedings is DENIED without prejudice to the filing of a motion that complies with the Civil Local Rules and this Court's Standing Orders.

3.     Green & Green's motion to withdraw as counsel of record for Plaintiff is DENIED without prejudice to the filing of a motion that complies with the Civil Local Rules and the California Rules of Professional Conduct.

4.     The parties are advised that prior to the filing of any future motion, they shall meet and confer in person or by telephone as required by this Court's Standing Orders.  All future motions shall include a certification that the parties have complied with the meet and confer requirement.  The Court cautions the parties that the Court may strike any motion papers that do not comply with this rule.

5.     This Order terminates Docket 81, 90, and 91.

IT IS SO ORDERED.

Dated: 12/3/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge