1
2
3
4
5          UNITED STATES DISTRICT COURT
6        FOR THE NORTHERN DISTRICT OF CALIFORNIA
7               OAKLAND DIVISION
8

9   JACOB SILVERMAN,                    Case No:  C 11-1615 SBA

10              Plaintiff,              **ORDER GRANTING**
                                        **MOTION TO WITHDRAW**
11        vs.
                                        Docket 106
12   THE CITY AND COUNTY OF SAN
     FRANCISCO et. al.,
13
                Defendants.
14

15
16         The parties are presently before the Court on the Law Offices of Geri Lynn Green,

17   LC's ("Green") motion to withdraw as counsel of record for Plaintiff Jacob Silverman

     ("Plaintiff").  Dkt. 106.  No Defendant has filed a response to the motion.  Having read and
18
     considered the papers filed in connection with this matter and being fully informed, the
19
     Court hereby GRANTS Green's motion to withdraw, for the reasons stated below.  The
20
     Court, in its discretion, finds this matter suitable for resolution without oral argument.  See
21
     Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).
22
     **I.    DISCUSSION**
23
           The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record
24
     if: (1) written notice has been given reasonably in advance to the client and all other parties
25
     in the action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a); see Darby v.
26
     City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal. 1992) (an attorney representing a client
27
     may not withdraw except by leave of court).  In addition, the Local Rules provide that when
28
     withdrawal by an attorney from an action is not accompanied by simultaneous appearance

of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. Civ. L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 3-700(C)(1)(d) allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively." However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) (regarding papers), and complying with applicable laws and rules. See El Hage v. U.S. Sec. Assocs., Inc., 2007 WL 4328809, at *1 (N.D. Cal. 2007). The decision to permit counsel to withdraw is within the sound discretion of the trial court. See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. Deal v. Countrywide Home Loans, 2010 WL 3702459, at *2 (N.D. Cal. 2010) (Armstrong, J.)

In the instant motion, Green seeks to withdraw as counsel of record for Plaintiff on the ground that Plaintiff has breached the parties' retainer agreement by regularly failing to

follow the advice of counsel,[1] cooperate with counsel, and maintain contact with counsel.[2] Green asserts that Plaintiff's conduct has resulted in a breakdown of the attorney-client relationship and has made it unreasonably difficult for Green to carry out its responsibilities to Plaintiff.  Green's Mtn. at 2-3, 5; Green Decl. ¶¶ 3, 5, 8.  In support of the instant motion, Plaintiff's counsel, Geri Lynn Green, avers that Plaintiff has expressly directed Green not to act on his behalf and has informed Green that he is seeking new counsel.  Green Decl. ¶ 3. According to counsel, she "cannot represent a client with whom [she] has no relationship, cannot locate or contact, who will not abide by [her] directions . . . and refuses to follow directions."  Id. ¶ 11.

The Court finds that Plaintiff's failure to follow the advice of counsel and his failure to cooperate and communicate effectively with counsel constitute good cause for withdrawal.  In addition, the Court finds that Green has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Plaintiff, including giving due notice to Plaintiff of its intent to withdraw in writing on November 15, 2012 and December 26, 2012, providing Plaintiff with a copy of each of the filings in this case, agreeing to continue to accept papers filed in this action for forwarding purposes until Plaintiff obtains new counsel or requests otherwise, and by stipulating to extend the trial date and other pretrial deadlines to afford new counsel sufficient time to prosecute this case.  Green's Mtn. at 3-5.  Finally, given that the trial in this case is not scheduled to begin until October 21, 2013, Dkt. 111,

---

[1] For example, in spite of counsel's advice to avoid contact with the Defendants and opposing counsel, Plaintiff approached opposing counsel at her place of work and attempted to speak with her.  Green Decl. ¶ 9.

[2] According to Green, Plaintiff has been unreachable since October 19, 2012. Green's Mtn. at 3.  While Plaintiff appeared in person at the firm on November 15, 2012, he was again unreachable after this meeting.  Swanson Decl. ¶ 3.  On December 3, 2012, Plaintiff's counsel, Julien Swanson, contacted Plaintiff's sister but she was unable to provide contact information for Plaintiff.  Id. ¶ 5.  On December 4, 2012, Swanson sent a letter to Plaintiff's father requesting that Plaintiff contact the firm.  Id. ¶ 6.  On December 11, 2012, Plaintiff called Green from an unknown location and gave counsel permission to enter into a stipulation with Defendants to continue the trial date and other deadlines set forth in the pretrial scheduling order.  Id. ¶ 7.  Since January 7, 2013, Plaintiff "has failed to inform [Green] of his whereabouts."  Green Decl. ¶ 10.

the Court finds that withdrawal will not harm the administration of justice or unduly delay resolution of this case. Accordingly, Green's motion to withdraw as counsel of record for Plaintiff is GRANTED.

**II.** **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Green's motion to withdraw as counsel of record for Plaintiff is GRANTED. Because Green's withdrawal from this action is not accompanied by simultaneous appearance of substitute counsel or agreement of the Plaintiff to appear pro se, leave to withdraw is subject to the condition that Green continue to accept papers for forwarding purposes until Plaintiff appears by other counsel or pro se.

2. This Order terminates Docket 106.

IT IS SO ORDERED.

Dated: 4/8/13

SAUNDRA BROWN ARMSTRONG
United States District Judge