UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JACOB SILVERMAN,<br><br>      Plaintiff,<br><br>  vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>      Defendants. | Case No: C 11-1615 SBA<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Docket 122 |

      On April 1, 2011, Plaintiff Jacob Silverman ("Plaintiff"), proceeding pro se, commenced the instant action alleging federal claims under 42 U.S.C. § 1983 as well as state law claims. Compl., Dkt. 1. On August 5, 2011, the Court granted Plaintiff's motion to substitute counsel, allowing Plaintiff to withdraw and attorneys Geri Lynn Green and Julien T. Swanson of The Law Offices of Geri Lynn Green, LC ("Green") to substitute as counsel of record on behalf of Plaintiff. Dkt. 46. On April 8, 2013, the Court granted Green's motion to withdraw as counsel. Dkt. 119. The Court granted the motion to withdraw upon having considered allegations that Plaintiff regularly failed to follow the advice of counsel, cooperate with counsel, and maintain contact with counsel. See Dkt. 119.

      Before the Court is Plaintiff's motion for appointment of counsel. Dkt. 122. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion without prejudice, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

28 U.S.C. § 1915(e)(1) provides, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a person generally has no right to counsel in civil actions. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009); <u>see</u> <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), <u>withdrawn in part on other grounds on reh'g en banc</u>, 154 F.3d 952 (9th Cir. 1998) (en banc). Nevertheless, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to § 1915(e)(1). <u>Palmer</u>, 560 F.3d at 970. When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> "Neither of these factors is dispositive and both must be viewed together before reaching a decision." <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court." <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984).

Here, Plaintiff has offered no argument demonstrating that he is likely to succeed on the merits of his claims. Nor has Plaintiff made any showing that because of the complexity of his claims, he is unable to articulate his positions. Instead, Plaintiff simply asserts that he is "a layman of law and not erudite for legal savvy, thereby to effectively litigate his case as pro se, and therefore formally requests that CJA counsel be appointed to represent him." Dkt. 122. Accordingly, because Plaintiff has not made the requisite showing of "exceptional circumstances," the Court finds that appointment of counsel is not warranted at this time. Therefore, Plaintiff's motion for appointment of counsel is DENIED. Plaintiff's motion is denied without prejudice to the filing of a renewed motion for appointment of counsel that corrects the deficiencies identified above.

In light of the Court's ruling, Plaintiff will have to proceed to trial without counsel to represent him unless he can show that appointment of counsel is warranted in a renewed

motion for appointment of counsel.  As far as the Court is aware, Plaintiff is not a trained attorney, and therefore, is unfamiliar with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's Civil Local Rules.  However, the Court advises Plaintiff that compliance with the requirements set forth in those rules is mandatory.  The Court further advises Plaintiff that proceeding pro se does not excuse his compliance with these rules.  See Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (a pro se party must follow the same rules as a party represented by counsel).  Plaintiff should also be aware that a violation of the above rules could have serious consequences in terms of the outcome of this action.  For example, Plaintiff's failure to follow the applicable procedural and evidentiary rules may result in the exclusion of some or all of the evidence or testimony he plans to present at trial.  In addition, the failure to comply with these rules, or any order of this Court, may result in the imposition of sanctions, up to and including the dismissal of this lawsuit.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Finally, Plaintiff is advised that the failure to prosecute this case may result in dismissal of this lawsuit.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).

## II.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.   Plaintiff's motion for appointment of counsel is DENIED without prejudice.

2.   This Order terminates Docket 122.

IT IS SO ORDERED.

Dated: 6/17/13

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge