UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JACOB SILVERMAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO et. al.,<br><br>　　　　Defendants. | Case No: C 11-1615 SBA<br><br>**ORDER**<br><br>Docket 134, 135, 136, 137 |

On July 11, 2013, the Court issued an Order to Show Cause Re Dismissal ("OSC"), directing pro se Plaintiff Jacob Silverman ("Plaintiff") to show cause why the instant action should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order. Dkt. 129. Specifically, the Court ordered Plaintiff to file a declaration with the Court explaining why this case should not be dismissed for his failure to file a Joint Case Management Conference Statement prior to the telephonic Case Management Conference that was scheduled for July 10, 2013, his failure to set up the conference call for the Case Management Conference, and his failure to contact the Court at the scheduled date and time. Id.

To date, Plaintiff has not responded to the Court's OSC. Instead, Plaintiff has filed the following documents: a Letter re Request for Case Status, a Case Management Conference Statement, a Motion to Appoint Counsel, a Motion to Reopen Discovery, and two discovery motions.[1] Dkt. 132-137. According to Plaintiff, he is currently incarcerated,

---

[1] On July 18, 2013, Plaintiff filed two discovery motions: (1) "Motion for Discovery and Motion for Subpoena/s For Discovery on Specified Dates And Locations of Medical and Psychiatric Staff Identities and Medical Records and Psychiatric Logs and Reports"; and (2) "Motion for Discovery and Motion for Subpoena/s for Discovery on Specified Dates and Locations of Inmate/Citizens Housed in 850 Bryant Jail and Citizens Involved in SFPD Incident Depicting their Each Identity." Dkt. 136, 137.

does not have access to a telephone, is unable to call or meet with defense counsel or the Court, and is using his "previous counsel as a communicative mediary" with defense counsel. See Dkt. 133, 134.

Having reviewed Plaintiff's filings and the record in this matter, it appears that Plaintiff has not received a copy of the OSC, and even if he had, he would not have been able to set up the conference call for the Case Management Conference that was scheduled for July 10, 2013 due to his incarceration. In light of Plaintiff's pro se status, and because it is unclear from the record whether Plaintiff has received a copy of the OSC or the other Orders[2] issued by this Court following the withdrawal of his counsel of record on April 8, 2013,[3] the Court will not dismiss the instant action for failure to comply with a Court order.

Below, the Court will address the four motions filed by Plaintiff after the issuance of the OSC: (1) Motion to Appoint Counsel; (2) Motion to Reopen Discovery; (3) "Motion for Discovery and Motion for Subpoena/s For Discovery on Specified Dates And Locations of Medical and Psychiatric Staff Identities and Medical Records and Psychiatric Logs and Reports"; and (4) "Motion for Discovery and Motion for Subpoena/s for Discovery on

---

[2] On June 10, 2013, the Court issued an Order continuing the dispositive motion and expert designation and discovery deadlines, ordered the parties to participate in a mandatory settlement conference between August 21, 2013 and September 16, 2013, and scheduled a Case Management Conference for July 10, 2013. Dkt. 124. On June 17, 2013, the Court issued an Order denying Plaintiff's motion for appointment of counsel without prejudice. Dkt. 125.

[3] The Order granting the Law Offices of Geri Lynn Green, LC's ("Green") motion to withdraw as counsel of record for Plaintiff states that "[b]ecause Green's withdrawal from this action is not accompanied by simultaneous appearance of substitute counsel or agreement of the Plaintiff to appear pro se, leave to withdraw is subject to the condition that Green continue to accept papers for forwarding purposes until Plaintiff appears by other counsel or pro se." Dkt. 119. A review of the record reveals that Green has continued to receive notice of the filings in this action since its withdrawal on April 8, 2013. The record also reveals that Defendants have been mailing copies of their filings and other papers to Green for forwarding purposes. See Dkt. 120, 128, 131. However, it is unclear whether Green has forwarded and Plaintiff has received all of these documents. According to Plaintiff, while he has received a Joint Case Management Conference statement from Defendants, correspondence from Defendants regarding, among other things, meeting and conferring for the Case Management Conference Scheduled on July 10, 2013, and Defendants' June 4, 2013 motion, he claims that he has not received the Court's June 10, 2013 and June 17, 2013 Orders. See Dkt. 132, 134. Plaintiff's recent filings do not specifically indicate whether he has received the Court's OSC.

Specified Dates and Locations of Inmate/Citizens Housed in 850 Bryant Jail and Citizens Involved in SFPD Incident Depicting their Each Identity." See Dkt. 134, 135, 136, 137.

## I. DISCUSSION

### A. Motion to Appoint Counsel

28 U.S.C. § 1915(e)(1) provides, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S .C. § 1915(e)(1). However, a person generally has no right to counsel in civil actions. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); see Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). Nevertheless, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to § 1915(e)(1). Palmer, 560 F.3d at 970. When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).

Plaintiff requests the Court appoint counsel for him because he "is not equipped with the legal knowledge to effectively litigate [this action]," and because he does not have "the financing or freedom to locate counsel to establish the requirements to rightfully display his claims." Dkt. 134. The Court finds that Plaintiff has failed to demonstrate he is likely to succeed on the merits of his claims or that he is unable to adequately articulate his claims due to the complexity of the legal issues involved in this action. Plaintiff's motion provides no discussion regarding the merits of his claims. Further, Plaintiff has failed to explain the reasons why he cannot adequately articulate his claims pro se. Accordingly, because Plaintiff has not made the requisite showing of "exceptional circumstances," the Court finds

1  that the appointment of counsel is not warranted.  Therefore, Plaintiff's motion for
2  appointment of counsel is DENIED.  However, because it is unclear whether Plaintiff has
3  received the Court's previous Order denying his request for appointment of counsel,
4  Plaintiff's motion is denied without prejudice to the filing of a renewed motion that corrects
5  the deficiencies identified above.

        **B.**     **Motion to Reopen Discovery and Reschedule Trial Date**

Federal Rule of Civil Procedure 16 provides that the deadlines established in a scheduling order may "be modified only for good cause[.]" Fed.R.Civ.P. 16(b)(4).  "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

Plaintiff moves for an order modifying deadlines established in the Court's pretrial scheduling order.  Dkt. 135.  Specifically, Plaintiff seeks an order reopening fact discovery and continuing the October 21, 2013 trial date.  Id.  As for reopening discovery, the Court finds that Plaintiff has failed to demonstrate good cause to modify the Court's pretrial scheduling order.  This case has been pending for over two years, and discovery has been open in this case since at least September 30, 2011.[4]  The deadline to complete all discovery, except for expert discovery, was October 31, 2012.  Dkt. 111.  As such, Plaintiff

---

[4] Discovery commences once the parties have engaged in their Rule 26 conference, which is to take place no later than twenty-one days prior to the case management conference.  Fed.R.Civ.P. 26(d)(1), (f)(1).  The initial case management conference in this case took place on October 20, 2011.  Dkt. 54.

has had more than ample time to obtain the discovery necessary to prosecute this action.[5] Plaintiff has failed to explain why he was unable to complete discovery within the deadline established by the Court. Nor has Plaintiff explained why he waited more than eight months after the close of fact discovery to file a motion to reopen discovery. In short, Plaintiff has failed to show that he acted diligently in conducting discovery or in seeking to modify the Court's pretrial scheduling order.[6]

As for Plaintiff's request to "extend the trial date to an indefinite time until effective counsel is appointed," the Court finds that Plaintiff has failed to demonstrate good cause to continue the trial date. Plaintiff has not shown that the appointment of counsel is warranted or that fact discovery should be reopened. Thus, a continuance based on the appointment of new counsel or the reopening of discovery is not warranted. Nor has Plaintiff otherwise shown that a continuance is appropriate based on his inability to meet the trial date deadline. Plaintiff commenced the instant action over two years ago on April 4, 2011. Since that time, Plaintiff has had sufficient time to prepare this case for trial.

Finally, the Court finds that Plaintiff's attempt to blame his former counsel for his lack of diligence in completing discovery is without merit. According to Plaintiff, the Court's pretrial scheduling order should be modified because his former counsel failed to adequately investigate his claims and conduct the appropriate discovery. However, it has long been the rule that the acts and omissions of an attorney are attributable to the client. See Link v. Wabash R. Co., 370 U.S. 626, 633-634 (1962) (affirming dismissal of action based on plaintiff's counsel's failure to appear at the pretrial conference); accord Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (parties are "held responsible for the acts and omissions of their chosen counsel"); Casey v. Alberston's, Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) ("[a]s a general rule, parties are bound by the

---

[5] The Court notes that Plaintiff was represented by counsel from August 5, 2011 until April 8, 2013. See Dkt. 46, 119. As such, Plaintiff was represented by counsel during the entire fact discovery period.

[6] In light of Plaintiff's failure to demonstrate good cause to reopen discovery, Plaintiff's discovery motions are DENIED. See Dkt. 136, 137.

1  actions of their lawyers"); Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101-1102
2  (9th Cir. 2006) ("A party will not be released from a poor litigation decision made because
3  of inaccurate information or advice, even if provided by an attorney."). While the acts and
4  omissions of Plaintiff's former counsel may give rise to a claim of malpractice, they do not
5  constitute good cause for purposes of a request to modify the Court's pretrial scheduling
6  order. See Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667,
7  676-677 (C.D. Cal. 2003) (ruling that former attorney's negligence did not constitute good
8  cause for continuance of discovery cut-off and trial dates); see also Latshaw, 452 F.3d at
9  1101 (noting that an attorney's errors are "more appropriately addressed through
10 malpractice claims" and not a motion to vacate the judgment).

11   **C. Case Management Issues**

12   On July 3, 2013, the Defendants filed a Case Management Conference Statement
13 notifying the Court that they intend to file a motion for summary judgment. Dkt. 128. On
14 July 16, 2013, Defendants filed a response to the Court's July 11, 2013 OSC requesting the
15 Court take the dispositive motion deadline (i.e., August 20, 2013) "off calendar pending the
16 resolution of the OSC." Dkt. 131. The Court construes Defendants' request as a request to
17 modify the dispositive motion deadline. Given the Court's resolution of the OSC and the
18 other motions filed by Plaintiff after the issuance of the OSC, the Court GRANTS
19 Defendants' request to modify the dispositive motion deadline. The following briefing
20 schedule shall govern Defendants' motion for summary judgment.

21   No later than twenty-one (21) days from the date this Order is filed, Defendants shall
22 file a motion for summary judgment. All papers filed with the Court shall be promptly
23 served on Plaintiff. Plaintiff's opposition to the motion shall be filed with the Court and
24 served on Defendants no later than fourteen (14) days after the date on which Defendants'
25 motion is filed.

26   The Ninth Circuit has held that the following notice should be given to pro se
27 plaintiffs facing a summary judgment motion:

28     The defendants have made a motion for summary judgment by
    which they seek to have your case dismissed. A motion for

|   |   |
|---|---|
| 1 | summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. |
| 2 | |
| 3 | Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial. |

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' motion for summary judgment.  Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations in the operative complaint.

Defendants must provide the same warning required by Rand in their motion for summary judgment.  See Woods v. Carey, 684 F.3d 934, 935, 940-941 (9th Cir. 2012) (Rand warning must be given at the time motion for summary judgment is filed).  If Defendants wish to file a reply brief, they shall do so no later than seven (7) days after the date Plaintiff's opposition is filed.  Upon the completion of briefing, the matter will be taken under submission without oral argument.

Green shall forward to Plaintiff the instant Order as well as the Orders issued by the Court on June 10, 2013, June 17, 2013, and July 11, 2013.[7] Dkt. 124, 125, 129. Green shall also file a certificate of service with the Court, stating the date, place and manner of service, and the street address of Plaintiff. See Civ. L.R. 5-5. Plaintiff is advised that he has failed to comply with Local Rule 3-11, which requires "a party proceeding pro se whose address changes while an action is pending [to] promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." Civ. L.R. 3-11(a). Plaintiff shall promptly file a Notice of Change of Address with the Court upon receipt of this Order. The failure to do so may result in sanctions, up to and including dismissal of this action. Green shall continue to accept papers for forwarding purposes until Plaintiff appears by other counsel or pro se. Plaintiff shall appear in this action by other counsel or pro se by no later than thirty (30) days from the date this Order is filed.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Appoint Counsel is DENIED without prejudice.

2. Plaintiff's Motion to Reopen Discovery is DENIED.

3. Plaintiff's discovery motions are DENIED.

4. The settlement conference currently scheduled on September 13, 2013 before Magistrate Judge Jacqueline Scott Corley is VACATED. The pretrial conference and trial dates are also VACATED. The Court will reschedule, if necessary, the time period for the parties to participate in a mandatory settlement conference and the pretrial conference and trial dates following the resolution of Defendants' motion for summary judgment. NO PARTY SHALL FILE ANY MOTION WITHOUT PRIOR LEAVE OF COURT. ANY

---

[7] Given Plaintiff's representation that he has been in communication with Green and has recently received certain documents from Defendants, Dkt. 134, and given Defendants representation that the only means available to them to contact Plaintiff is through mail sent to Green, Dkt. 128, the Court assumes that Green has forwarded documents to Plaintiff while he has been incarcerated. If this assumption is incorrect, Green shall notify the Court immediately.

MOTION FILED WITHOUT PRIOR LEAVE OF COURT WILL BE STRICKEN FROM THE DOCKET.

     5.    This Order terminates Docket 134, 135, 136, and 137.

Dated: 8/23/2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge