UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JACOB SILVERMAN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO et. al.,<br><br>　　　　　Defendants. | Case No: C 11-1615 SBA<br><br>**DISMISSAL ORDER** |

On September 13, 2013, Defendants' filed a motion for summary judgment. Dkt. 144. Plaintiff's response was due by no later than September 27, 2013. Dkt. 142. On December 10, 2013, the Court issued an Order to Show Cause, directing Plaintiff Jacob Silverman ("Plaintiff") to file a memorandum by no later than December 20, 2013 showing cause why the instant action should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with a Court order. Dkt. 153. To date, Plaintiff has not filed a response to the Court's December 10, 2013 Order to Show Cause. Nor has Plaintiff filed a response to Defendants' motion for summary judgment.

An action may be dismissed under Rule 41(b) for failure to prosecute or to comply with a Court order. See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a district court may dismiss an action pursuant to Rule 41(b) sua sponte for a plaintiff's failure to prosecute or comply with a court order); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss an action for failure to comply with any order of the court"). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court

must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in the instant action where Plaintiff has impeded the Court's ability to move this case forward by failing to respond to Defendants' motion for summary judgment and failing to respond to the Court's December 10, 2013 Order to Show Cause.

The second factor, the Court's need to manage its docket, also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d at 990 (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket"). The Court cannot manage its docket if it maintains cases where, as here, a Plaintiff disregards Court Orders and fails to prosecute his case. The Court must devote its limited resources to cases in which the litigants are actually proceeding.

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiff has offered no explanation for his failure to respond to Defendants' motion for summary judgment or his failure to respond to the Court's December 10, 2013 Order to Show Cause. These facts weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991-992.

As for the fourth factor, the Court has already considered less drastic alternatives to dismissal. As noted, the Court afforded Plaintiff an opportunity to show cause why the instant action should not be dismissed and warned Plaintiff that his failure to comply with the Court's December 10, 2013 Order to Show Cause would result in dismissal of this action. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b). The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 12/23/2013

SAUNDRA BROWN ARMSTRONG
United States District Judge